UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

M.V.,

        Plaintiff,

v.

KILOLO KIJAKAZI,

        Defendant.

Case No. 20-cv-06620-VKD

**ORDER GRANTING AS MODIFIED PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 21

        Plaintiff M.V. appealed a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423, 1381, *et seq*. The sole issue presented concerned M.V.'s literacy. On January 24, 2022, the Court granted M.V.'s motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, remanded this matter for further development of the record, and entered judgment accordingly. *See* Dkt. Nos. 19, 20.

        M.V. now moves for an award of $4,070.14 for her attorney's fees[1] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 21. The Commissioner did not file a response, and the time for doing so has passed. Upon consideration of the moving papers, the Court grants M.V.'s motion for fees, with some modification.

        Eligibility for a fee award under the EAJA requires that (1) the party seeking fees is a "prevailing party"; (2) the fee application is timely filed and properly supported; (3) the

---

[1] M.V. does not seek any costs.

government's position was not "substantially justified"; and (4) no "special circumstances" make an award unjust. *See* 24 U.S.C. § 2412(d)(1)(A); *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

M.V. is a prevailing party, having successfully obtained a sentence-four remand on the sole issue in dispute. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Matos v. Saul*, 469 F.Supp.3d 934, 938 (N.D. Cal. 2020). Additionally, M.V. timely filed the present motion for EAJA fees. *See* 28 U.S.C. § 2412(d)(1)(B) (stating that an application for fees must be filed "within thirty days of final judgment in the action"); *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). The Commissioner bears the burden to show that her litigation position was substantially justified on the law and facts. *Ibrahim*, 912 F.3d at 1167. The Commissioner has not responded to the present motion and has not met her burden. On the record presented, the Court finds no special circumstances that would make an award unjust.

The Court has reviewed counsel's description of the work he performed on this matter and concludes that hours incurred are reasonable. *See* Dkt. No. 21-1. Counsel requests fees at an hourly rate of $225, which he states is based on the Western Consumer Price Index. *See* Dkt. No. 21 at 1 & n.1. The Court therefore construes the present motion as requesting an upward adjustment to the EAJA statutory rate based on cost-of-living increases.

The EAJA provides that the amount of attorney's fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," but generally caps such fees at a rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). However, the EAJA allows for an upward adjustment of the $125 rate based on cost-of-living increases. *Id.*; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). In the Ninth Circuit, "[a]ppropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005) (citing *Sorenson*, 239 F.3d at 1148). The appropriate rates for the work in question are $207.78 for work performed

in 2020 and $217.54 for work performed in 2021.  *See* Ninth Circuit Rule 39.1-6; *see also* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.  Accordingly, the Court awards fees at those rates for a total award of $3,874.76.

Based on the foregoing, M.V.'s motion for fees pursuant to EAJA § 2412 is granted in the amount of $3,874.76, subject to offset against any debts M.V. owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

**IT IS SO ORDERED.**

Dated: July 8, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge